**Charles BABOURIS, Plaintiff,**

v.

**John L. MURFF, District Director of the Immigration and Naturalization Service for the New York District, Defendant.**

United States District Court
S. D. New York.
Nov. 11, 1958.

Samuel Weinreb, Far Rockaway, Queens, N. Y., for petitioner.

Arthur H. Christy, U. S. Atty., New York City, for respondent.

BICKS, District Judge.

Upon this motion to enjoin deportation of plaintiff pending determination of the outcome of his suit for judgment declaring that he is not deportable, and the Government's cross-motion for summary judgment, the issue presented is one of law alone.

Plaintiff does not question the finding that after entry he was convicted twice, in each instance upon his plea of guilty, in a New York City Magistrate's Court of violating New York Penal Law, McKinney's Consol. Laws, c. 40, § 722, subdivision 8. He argues, however, that because said charges are defined under state law as "offenses", he does not fall within the class of deportable aliens set out in 8 U.S.C.A. § 1251(a) (4), viz.: those "who at any time after entry [are] convicted of two *crimes* involving moral turpitude * * *" (Emphasis supplied).

The issue plaintiff poses is not one of first impression. Whether one subscribes to the psychiatric views expressed in the majority opinion in United States v. Flores-Rodriguez, 2 Cir., 1956, 237 F. 2d 405, or to those expounded in the concurrence of the late Judge Frank, or indeed, to what many urge is the more enlightened approach to the entire problem of treating with sexual deviates manifested in the Report of the Committee on Homosexual Offenses and Prostitution, September 1957, Her Majesty's Stationery Office, Ref. No. CMND 247; Cf. Holzapfel v. Wyrsch, 3 Cir., 1958, 259 F. 2d 890, controlling upon this Court is the unanimous holding of the Court of Appeals for this Circuit in Flores-Rodriguez, supra, that the "offense [violation] of the same section and subdivision of the New York Penal Law involved here] constituted a 'crime or misdemeanor involving moral turpitude'". [237 F.2d 412]

Having been twice convicted after entry and said convictions not having arisen out of a single scheme of criminal misconduct, the mandate of the statute is clear. Accordingly, plaintiff's motion for temporary injunction is denied and the Government's motion for summary judgment is granted.

So ordered.